IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRYAN A. MOORE,** | CASE NO. 3:23 CV 979 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff Bryan A. Moore seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 9). Plaintiff filed objections to the R&R (Doc. 10), and the Commissioner filed a response thereto (Doc. 11). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in May 2021, alleging a disability onset date of April 16, 2016. *See* Tr. 198. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on April 4, 2022, finding Plaintiff not disabled. (Tr. 18-37). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision:

1. The ALJ failed to properly evaluate the medical opinion evidence.

    2. The ALJ failed to properly evaluate Plaintiff's subjective statements.

(Doc. 6, at 2).

In his R&R, Judge Clay concluded the ALJ properly evaluated the medical opinion evidence. (Doc. 9, at 15-21). He also found the ALJ's decision as a whole adequately explained his reasons for discounting Plaintiff's subjective statements about his symptoms. *Id.* at 21-26. He recommends the Court affirm the Commissioner's decision. *See* Doc. 9.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

DISCUSSION[1]

Plaintiff raises two objections to the R&R. First, he contends the Magistrate Judge's conclusion that the ALJ properly evaluated the medical opinions is incorrect because the ALJ erred by selectively relying on normal findings while disregarding significant abnormalities documented by Plaintiff's treating physicians. Second, he asserts the Magistrate Judge erroneously engaged in a *post-hoc* rationalization by speculating as to the ALJ's explanation for discounting his subjective symptoms and that the evaluation was inconsistent with Social Security Ruling 16-3p.

Evaluation of Medical Opinions

Plaintiff asserts that the ALJ improperly evaluated the medical opinions by emphasizing normal findings while discounting abnormalities noted by treating physicians, Drs. Joy Barnes and Garima Methi. Plaintiff contends this selective focus constitutes "cherry-picking" of the evidence. (Doc. 10, at 2-3). Plaintiff further asserts that the ALJ's determination that Drs. Barnes and Methi's opinions were not supported and consistent with the remainder of the evidence in the record is unsupported. *Id.* at 7-8. Additionally, Plaintiff argues the ALJ improperly substituted his own medical judgment for that of the treating physicians. *Id.* at 3.

Dr. Barnes stated Plaintiff had significant physical limitations including: being able to sit or stand for less than one hour each in an eight-hour workday, needing to move ten to twelve times per hour for ten minutes each time, and being able to occasionally lift or carry up to ten pounds. (Tr. 29). Dr. Barnes also noted that while Plaintiff had no significant limitations in reaching,

---

1. Neither party objects Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Clay.

3

handling, or fingering, he would likely be absent from work more than three times per month due to impairments or treatment. *Id.*

Dr. Methi opined Plaintiff could sit for two hours total during an eight-hour workday and could stand and or walk for two hours in the same period, that he must avoid continuous sitting for an eight-hour workday, required unscheduled breaks each hour for five to ten minutes, and that he would be absent more than three times per month. (Tr. 30). Additionally, Dr. Methi opined Plaintiff could occasionally lift and or carry up to ten pounds, but could never/rarely grasp, turn or twist objects for fine manipulation, or use his arms for reaching. *Id.*

Plaintiff challenges the Magistrate Judge's conclusion that the ALJ properly evaluated the medical opinions by finding that "normal imaging studies of Mr. Moore's pelvis, sacroiliac joints, left hip, and left knee did not support" the opinions of Drs. Barnes and Methi. (Doc. 10, at 5). Plaintiff asserts "it is unclear how this evidence is relevant since Drs. Barnes and Methi gave opinions based on MRI results of Mr. Moore's spine []." *Id.* Plaintiff further asserts these findings were "far from normal" and that more weight should have been given to the opinions offered by these treating physicians. *Id.*

Plaintiff also argues that the Magistrate Judge mischaracterized his reference to the abnormal MRI results as an impermissible request to reweigh the evidence. *Id.* at 6. Plaintiff contends he is not asking the Court to reweigh the evidence but instead is asking the Court to recognize the "ALJ committed clear legal error by disregarding the evidence that is most relevant to the factors of supportability and consistency while relying on his impermissible lay judgment picking out select normal evidence as more relevant that the abnormalities identified by the treating experts." *Id.*

4

In reviewing the ALJ's decision, the Court must determine whether it is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In this case, the Court finds the ALJ provided specific and supported reasons for discounting the opinions of Drs. Barnes and Methi and cited substantial evidence in the record that contradicted the extreme limitations they proposed. (Tr. 29-30). The ALJ's decision to afford less weight to these opinions was supported by evidence in the record, including multiple medical examinations that showed full range of motion, no extremity weakness, no focal deficits, Plaintiff's ability to ambulate down a flight of stairs, and imaging studies. (Tr. 29). The ALJ found the opinions of state agency consultants more persuasive, as they were consistent with substantial evidence in the record. *Id.* The Court also agrees with the Magistrate Judge's finding that the ALJ did consider the MRI finding cited but pointed to Plaintiff's failure to follow up with recommended specialists, which suggested that the abnormalities from the MRI might not have been as functionally limiting as claimed. *See* Doc. 9, at 20 (citing Tr. 27). As such, the Court finds Plaintiff's contention that the ALJ improperly relied on select normal evidence is without merit.

Furthermore, the Court finds the ALJ did not substitute his own medical judgment for that of the doctors; instead, he assessed the medical evidence within the framework of the regulation and appropriately weighed the consistency and supportability of the medical opinions against the entire record.

Plaintiff's argument of "cherry-picking" by the ALJ is rarely successful in the Sixth Circuit. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (holding "we see little

5

indication that the ALJ improperly cherry-picked evidence; the same process can be described more neutrally as weighing the evidence"); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (noting that "cherry picking" allegations are seldom successful because crediting them would require courts to re-weigh record evidence). Here, the ALJ did not improperly cherry-pick evidence but rather weighed the medical opinions against the entire record, applying his findings comprehensively.

In conclusion, the Court finds the ALJ's evaluation of the medical opinions was supported by substantial evidence and Plaintiff's objection on this ground is overruled.

Plaintiff's Subjective Statements

Plaintiff contends the ALJ failed to properly assess his subjective statements regarding his symptoms and limitations, asserting that "the ALJ never linked any of the aforementioned findings with [Plaintiff]'s statements about the severity of his conditions[]", and therefore argues it is speculative if any or all the findings were used to reject his allegations. (Doc. 10, at 8). Plaintiff claims the Magistrate Judge erroneously engaged in an impermissible *post-hoc* rationalization. *Id.* at 8-9. Plaintiff also argues the ALJ erroneously relied only on a boilerplate statement discounting his subjective symptoms and therefore failed to build a proper logical bridge between the evidence and the conclusion. *Id.* at 9. Additionally, Plaintiff contends that the ALJ should have inquired why he had not received additional treatment when the ALJ had the opportunity at the hearing, as it was the ALJ's duty to develop the record. *Id.* at 9-10.

Plaintiff testified that pain affects most of his body, limiting his ability to work full time; he experiences constant pain radiating to his lower extremities, impacting his ability to walk, stand, lift, and sit for extended periods. (Tr. 25). He alleges that for more than a year, he has been unable to walk an entire city block, stand for ten minutes at one time, or bend at the waist. *Id.* He smokes

6

half a pack of cigarettes per day, uses marijuana to self-medicate, and last drank alcohol six weeks prior but does not participate in a substance abuse program. *Id.* Plaintiff testified he struggles with tasks that require hand use and often needs assistance. *Id.*

Plaintiff's objection primarily hinges on the assertion that the Magistrate Judge improperly bolstered the ALJ's analysis by identifying supporting evidence in the record, thereby engaging in a *post-hoc* rationalization. (Doc. 10, at 8-9). The Sixth Circuit has instructed that if a district court finds the ALJ's decision is supported by substantial evidence, it need not consider a *post-hoc* rationalization objection. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. 2005). Moreover, in *Poe v. Commissioner of Social Security*, the Sixth Circuit found that identifying additional evidence in the record that provides substantial support for the ALJ's decision does not constitute a *post-hoc* rationalization. The court found no error where the district court did not offer a "revised rationale" but simply identified additional evidence in the record supporting the ALJ's conclusion. *See Poe v. Comm'r of Soc. Sec.*, 342 F. Appx. 149, 159 n.8 (6th Cir. 2009). In this case, the Magistrate Judge did not provide a revised rationale but highlighted parts of the record as a whole that supported the ALJ's conclusion discounting Plaintiff's subjective symptom statements. This is consistent with *Poe*; therefore, the Magistrate Judge did not engage in a *post-hoc* rationalization. And even if this Court determined substantial evidence supported Plaintiff's position, the Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones*, 336 F.3d at 477. An ALJ's credibility determinations are given significant weight if supported by substantial evidence and are "virtually unchallengeable". *See Phillips v. Comm'r of Soc. Sec.*, 2021 WL 252542, at *9 (N.D. Ohio). These determinations are within the ALJ's discretion and will not be overturned "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Court sees no compelling reason here.

7

The Magistrate Judge relied on the record that showed Plaintiff's ability to ambulate without difficulty, the medical findings that show Plaintiff had a largely normal range of motion, his failure to follow through with recommended treatments, his failure to complete diagnostic testing, not picking up prescribed medication, and his refusal to enter treatment for his alcohol use despite the necessity to do so before pain management could prescribe opioids for pain control. (Doc. 9, at 25-26) (citing Tr. 26-27). Although as mentioned above, the ALJ did not explicitly link each of these findings to Plaintiff's statements about the severity of his conditions, the ALJ's overall decision acknowledged several inconsistencies between Plaintiff's subjective statements and the objective medical findings. And this Court is required to consider the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).

Here, a review of the record as a whole reflects the ALJ correctly considered Plaintiff's non-compliance with treatment recommendations and failure to seek consistent treatment as factors in assessing his subjective statements. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain.").

Plaintiff also contends the ALJ should have probed why he had not received additional treatment when he had the opportunity to do so at the hearing.[2] (Doc. 10, at 9-10). While an ALJ must ensure that every claimant receives a "full and fair hearing," the ultimate burden of proving entitlement to benefits lies with the claimant. *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022); 20 C.F.R. § 404.1512(a). Although Social Security proceedings are inquisitorial rather

---

2. Plaintiff did not raise this specific argument to Judge Clay, and therefore it is arguably waived. *See, e.g.*, *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). However, even if it is not waived, the Court finds it lacks merit as set forth above.

than adversarial, that does not mean the ALJ advocates for the claimant. *Moats*, 42 F.4th at 563. ("Promoting the claimant's case, of course, is not the ALJ's obligation. The ALJ, remember, is a neutral factfinder, not an advocate.").

Plaintiff's argument that the ALJ failed to develop the record is also without merit. As detailed above, the responsibility to present and support a claim for benefits rests with the claimant. Additionally, this case does not present the extreme circumstances required to impose a heightened duty on the ALJ. In *Moats*, the court emphasized that only in cases involving extreme examples of a claimant's inability to understand proceedings or severe cognitive limitations does the ALJ have an enhanced duty to develop the record. 42 F.4th at 564. Here, Plaintiff has not demonstrated such severe limitations.

The Court finds the Magistrate Judge correctly relied on the ALJ's decision as a whole to affirm the ALJ's decision, finding no error in the ALJ's assessment of Plaintiff's subjective statements. The Magistrate Judge did not engage in a *post-hoc* rationalization by simply identifying other evidence in the record that supports the ALJ's analysis. Therefore, the Court overrules Plaintiff's objection on this ground.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 9) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Date: June 27, 2024